IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6305-CR-FERGUSON

UNITED STATES OF AMERICA

vs.

DOUGLAS FAULKENBURY,

    Defendant.
_____/

## MOTION FOR DOWNWARD DEPARTURE

COMES NOW the Defendant, DOUGLAS FAULKENBURY, by and through his undersigned attorney and files a Motion for Downward Departure as follows.

A.   The Defendant's Behavior Was Aberrant Behavior

    1.   The Defendant's conduct in falsifying sixteen (16) real estate appraisals for his brother-in-law, in less than a one year time period, represents a marked deviation by Mr. Faulkenbury from an otherwise law-abiding life and is aberrant behavior that should result in a downward departure. Mr. Faulkenbury, as reflected in the employment record section of the Presentence Investigation Report, has throughout his life maintained successful employment and has economically provided for his family, within his means. The conduct for which Mr. Faulkenbury finds himself before this Court is the first criminal conduct of his life. The Presentence Investigation Report confirms that Mr. Faulkenbury has led a law-abiding life up until this transgression.

Although not excusing his conduct, Mr. Faulkenbury's improper conduct can be partially

United States of America v. Douglas Faulkenbury
Case No. 00-6305-CR-FERGUSON
Motion for Downward Departure

---

explained as a sense of misguided loyalty to his brother-in-law. The financial gain to Mr. Faulkenbury was minimal, as he obtained at most $4,000.00 for the false appraisals that he prepared. Mr Faulkenbury has never surrounded himself with "luxury toys" and has always lived within his means. Mr. Faulkenbury's law-abiding life, his gainful employment before this incident, his surrendering his appraiser's license, his obtaining gainful employment after this incident, and his cooperation with the investigation are evidence that this conduct was aberrant behavior for Mr. Faulkenbury.

B.    The Amount of Loss Greatly Overstates Defendant's Criminal Conduct

2.    The United States Probation Officer has determined the amount of loss attributable to Mr. Faulkenbury to be approximately $600,000.00. This determination has been objected to by Mr. Faulkenbury. However, if accepted by this Court, this figure would greatly exaggerate Mr. Faulkenbury's criminal conduct. Certainly, the full amount of the loss should be applied to the co-defendant and the person who masterminded this conduct, Dennis D'Agosta. Mr. Faulkenbury's conduct, while wrong and admitted, resulted in him receiving no more than $4,000.00 for his conduct. By attributing an amount of loss of over $600,000.00 to Mr. Faulkenbury when he received a maximum of $4,000.00, has the effect of greatly exaggerating Mr. Faulkenbury's liability under the guidelines for the extent of his criminal conduct, and as such, a downward departure is warranted.

C.    Post Criminal Incident, Conduct, And Rehabilitative Efforts.

3.    Mr. Faulkenbury has cooperated fully with the investigators in this case. He has provided information to the various investigative agencies and has offered to cooperate in anyway possible. He has surrendered his real estate appraiser's license and gave up a career as an appraiser because of his conduct. To his credit, Mr. Faulkenbury has begun a new career, is not sitting idle,

United States of America v. Douglas Faulkenbury
Case No. 00-6305-CR-FERGUSON
Motion for Downward Departure

and is continuing to provide for his family. This should be considered by the Court as a ground for downward departure.

D.     Combination Of All These Factors In Mr. Faulkenbury's Case Takes His Case Outside the "Heartland" of Cases Considered by the Federal Sentencing Guidelines.

4.     Even if each individual ground raised would not justify a downward departure, when considered together, these grounds should support a downward departure in this case. A combination of the isolated nature of Mr. Faulkenbury's criminal conduct, compared with the rest of his law-abiding life, the overstating of Mr. Faulkenbury's criminal conduct by the amount of loss used in this case, and his complete cooperation with law enforcement, support a downward departure under the "Convergence Theory" in this case.

WHEREFORE the Defendant moves this Honorable Court to enter an Order granting a downward departure.

Respectfully submitted,

ATTERBURY, GOLDBERGER
And RICHARDSON, P.A.
250 Australian Avenue South, Suite 1400
West Palm Beach, Florida 33401
(561) 659-8300

_____
JACK A. GOLDBERGER, ESQ.
Florida Bar No. 262013

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S.

United States of America v. Douglas Faulkenbury
Case No. 00-6305-CR-FERGUSON
Motion for Downward Departure

---

Mail this 16th day of January, 2001 to: Sheila Parsons, United States Probation, 501 S. Flagler Drive, West Palm Beach, Florida 33401; Kathleen Rice, Assistant United States Attorney, 500 E. Broward Blvd., Suite 700, Ft. Lauderdale, Florida 33304; and to the Defendant.

        ATTERBURY, GOLDBERGER
        And RICHARDSON, P.A.
        250 Australian Avenue South, Suite 1400
        West Palm Beach, Florida 33401
        (561) 659-8300

        _____
        JACK A. GOLDBERGER, ESQ.
        Florida Bar No. 262013